BYBEE, J.,
concurring in part and dissenting in part:
I concur in parts two and three of the memorandum disposition. For the reasons below, I respectfully dissent from part one.
An agency in receipt of a FOIA request must “demonstrate that it has conducted a search reasonably calculated to uncover all relevant documents.” Lahr v. NTSB, 569 F.3d 964, 986 (9th Cir.2009) (quoting Zemansky v. EPA, 767 F.2d 569, 571 (9th Cir.1985)) (internal quotation marks omitted). The agency may meet its burden with “reasonably detailed, nonconclusory *610 affidavits submitted in good faith.” Id. In evaluating the adequacy of the search, we must bear in mind that the issue “is not whether there might exist any other documents possibly responsive to the [FOIA] request, but rather whether the search for those documents was adequate.” Id. at 987.
The memorandum disposition faults USTR for limiting the search to documents generated from June 2006 until January 2007. Mem. Dispo. at 607-08 & n. 1. But as I read the record, the only search that was actually limited to this timeframe was the search of the backup email files stored at the Office of Administration for the Executive Office of the President (“OA”), and that was a follow-up search that was limited for reasons explained by USTR. The two declarations submitted by USTR’s FOIA counsel, David Apol, make clear that the searches of the paper and electronic files already in USTR’s possession (as opposed to the backup files stored on the OA’s servers) were without regard to date. See First Apol Decl. ¶¶ 25-27, Second Apol Decl. ¶¶ 12-16. These files included all electronic and paper files in the possession of the two officials most involved in the negotiations, Assistant General Counsel Jeffrey Weiss and Deputy Assistant USTR John Melle, as well as all files on the computer of former General Counsel James Mendenhall and Apol’s computer. First Apol Decl. ¶ 25 (“USTR’s FOIA officer instructed ... Weiss and Melle[) to search their files for responsive documents without reference to date.”); id. ¶ 27 (“USTR re-reviewed the files that it had initially gathered (including the email messages from Mr. Mendenhall’s computer), which were not limited to the period June 2006-January 2007.”); Second Apol Decl. ¶¶ 12-16.
From the information in Apol’s affidavit, it is clear that the electronic and paper files of the two officials most involved in the negotiations, Weiss and Melle, were searched without regard to date. First Apol Decl. ¶ 25. The computer of another official closely involved in the negotiations, Mendenhall, was also searched without regard to date, as was Apol’s computer. Id. ¶¶ 26-27. The only responsive information from before June 2006 found as a result of these searches was found in four email chains in which USTR sought counsel from DOJ on structuring the meritorious initiatives program. See id. ¶ 27; Supp. Rev. Vaughn Index Doc. Nos. P296-99.
The only search limited to the June 2006-January 2007 period was the OA’s search of its email archive for emails sent to and from the accounts of Mendenhall, U.S. Trade Representative Susan C. Schwab, and her chief of staff Timothy J. Keeler. These searches were so limited because the initial searches of Menden-hall’s computer, along with the search of the files of Weiss and Melle (who were more closely involved in the negotiations than any of the other officials), did not turn up responsive documents from the pre-June 2006 period. First Apol Decl. ¶ 26, Second Apol Decl. ¶¶ 16-18. The timeframe of these searches was also so limited because the plaintiffs had only requested documents relating to “implementation” of the meritorious initiatives program, FOIA Request, and implementation did not begin until June 2006, First Apol Decl. ¶¶ 25-26.
I do not think, contrary to what the memorandum disposition suggests, that the record is “ambiguous” as to whether USTR’s search for documents encompassed the April-May 2006 timeframe. Mem. Dispo. at 607-08 n.l. The search of the files most likely to contain responsive documents was unambiguously conducted without regard to date. First Apol Decl. ¶ 25. Since the search of these files did *611 not turn up responsive documents that were generated during the April-May 2006 timeframe, id, there is no reason why USTR’s search of the email archive of other accounts less likely to contain responsive documents should also have encompassed this period. To the extent the memorandum disposition holds that the search was inadequate because of the limited timeframe, I respectfully disagree.
The memorandum disposition also concludes that the search was inadequate because USTR failed to “provide specific information regarding what files were searched, what search terms were used, why further searches are unlikely to produce additional records, or why additional searches are impractical.” Mem. Dispo. at 608. But Apol’s declarations explain exactly what files were searched. The search included the email accounts of U.S. Trade Representative Susan Schwab and her chief of staff, Timothy Keeler. Second Apol Decl. ¶ 17. The two officials most involved in the negotiation of the SLA and the implementation of the meritorious initiatives program, Jeffrey Weiss and John Melle, “conducted thorough searches of their paper and electronic records, including e-mails, word processing files, and archive files for all [responsive] records.” Id. ¶¶ 12-13. USTR also conducted a search of former General Counsel James Mendenhall’s computer. Id. ¶ 16. When it became clear that the computer did not include complete email chains, USTR asked the OA to search its electronic archive for the complete files. Id. ¶¶ 16-17. Finally, Apol searched his own computer for responsive files. First Apol Decl. ¶ 27. Therefore, contrary to what the memorandum disposition suggests, USTR explains in great detail what files were searched.
The memorandum disposition faults USTR for failing to provide “specific information” on what search terms it used, why further searches would not produce additional records, or why additional searches would be impractical. See Mem. Dispo. at 608. The operative standard “is not whether there might exist any other documents possibly responsive to the request, but rather whether the search for those documents was adequate.” Lahr, 569 F.3d at 987 (quoting Zemansky, 767 F.2d at 571) (internal quotation marks omitted). In my view, USTR has met that standard, and I would affirm the judgment of the district court on this point.